**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maria CONTRERAS–SALAS, aka**
**Maria Brooks, Defendant–**
**Appellant.**

**No. 03–10710.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Filed Nov. 3, 2004.

Michael K. Powell, Assistant Federal Public Defender, Reno, NV, for the defendant-appellant.

Robert Don Gifford, Assistant United States Attorney, Reno, NV, for the plaintiff-appellee.

Before: BEEZER, W. FLETCHER and FISHER, Circuit Judges.

FISHER, Circuit Judge.

Maria Contreras–Salas pled guilty in July 2003 to unlawful reentry after deportation in violation of 8 U.S.C. § 1326. Sentencing for a violation of § 1326 is governed by § 2L1.2 of the Sentencing Guidelines, which mandates a 16–level increase to the base offense level if the defendant was previously convicted for a felony "crime of violence." The district court concluded that Contreras–Salas' prior jury conviction in 1987 for "Child Abuse and/or Neglect Causing Substantial Bodily Harm" under Nevada Revised Statutes § 200.508 was a crime of violence, imposed the 16–level increase to the base offense level and sentenced her to 77 months' imprisonment, followed by three years of supervised release.

■ We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Castillo–Rivera,* 244 F.3d 1020, 1021 (9th Cir.2001). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Contreras–Salas argues that Nevada's child abuse statute is overly inclusive and punishes some conduct that does not constitute a "crime of violence." She further contends that documents the district court relied on—the charging document, the presentence report and the judgment—were insufficient to establish which aspect of the statute her conviction was based upon. Applying this circuit's "modified categorical approach," we hold that Contreras–Salas' conviction does not qualify as a crime of violence and thus reverse the district court's judgment and vacate her sentence.

## I.

Nevada's child abuse statute at the time of Contreras–Salas' conviction in 1987 applied to:

1. Any person who:

(a) Willfully causes a child who is less than 18 years of age to suffer unjustifiable physical pain or mental suffering as a result of *abuse or neglect* or to be placed in a situation where the child may suffer physical pain or mental suffering as the result of *abuse or neglect;* or

(b) Is responsible for the safety or welfare of a child and who permits or allows that child to suffer unjustifiable physical pain or mental suffering as a result of *abuse or neglect* or to be placed in a situation where the child may suffer physical pain or mental suffering as the result of *abuse or neglect* . . . .

Nev.Rev.Stat. § 200.508 (1987) (emphasis added).[1]

The Sentencing Guidelines define a "crime of violence" as "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, app. n. 1(B)(iii). In *United States v. Trinidad–Aquino*, we held that when a statute "can be violated through negligence alone," it does not constitute a "crime of violence" for sentencing enhancement purposes. 259 F.3d 1140, 1146 (9th Cir.2001).

■ In determining whether a prior conviction is a qualifying offense for sentencing enhancement purposes, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See, e.g., United States v. Pimentel–Flores*, 339 F.3d 959, 967–68 (9th Cir.2003) (discussing this court's application of the *Taylor* analysis to the imposition of various sentencing enhancements in the Guidelines). Under

*Taylor's* categorical approach, we "look only to the fact of conviction and the statutory definition of the prior offense," not to the underlying facts. *United States v. Corona–Sanchez*, 291 F.3d 1201, 1203 (9th Cir.2002) (en banc) (internal quotation marks and citation omitted).

If the statute criminalizes conduct that would not constitute a qualifying offense, we may "look a little further" and "consider whether other documentation and judicially noticeable facts demonstrate that the offense was, indeed, within the Guidelines' definition." *United States v. Shumate*, 329 F.3d 1026, 1029 (9th Cir.2003), *amended by* 341 F.3d 852 (9th Cir.2003). The purpose of this "modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." *Corona–Sanchez*, 291 F.3d at 1211.

■ We conclude that the Nevada statute does not criminalize conduct qualifying as a categorical crime of violence because it criminalizes negligent conduct, which does not involve the requisite use of force. In addition, the government concedes that the Nevada statute is overly inclusive. Thus, Contreras–Salas' conviction must be evaluated under the modified categorical approach.

## II.

■ We have identified a number of different kinds of documentation and judicially noticeable facts that courts may consider under the modified categorical approach when they determine whether a conviction is a predicate conviction for enhancement purposes, "such as the indict-

---

**1.** The current version of the Nevada statute contains the same provisions. *See* Nev.Rev. Stat. § 200.508 (2003).

ment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001) (en banc) (quoting *United States v. Casarez–Bravo*, 181 F.3d 1074, 1077 (9th Cir.1999)). "[I]n the case of a jury trial, the charging document and jury instructions from the prior offense may demonstrate that the 'jury was actually required to find all the elements' of the generic crime." *Corona–Sanchez*, 291 F.3d at 1211 (quoting *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143). In this case, however, the jury instructions are not in the record—only the charging document and the judgment are in the record.

The government contends that these documents demonstrate that Contreras–Salas' conviction encompassed the requisite use of force necessary for a crime of violence because they state that she caused her child "substantial bodily harm." This, however, is inaccurate because both the charging document (entitled "Information") and the judgment of conviction disclose only that Contreras–Salas committed "Child Abuse and/or Neglect Causing Substantial Bodily Harm," without establishing whether her part in causing such harm was due to her volitional, reckless or negligent conduct (or failure to act).[2] In addition, the use of "and/or" in the charging document and the judgment makes it impossible to know whether Contreras–Salas was convicted for child abuse, neglect or both.

The government also relies on the presentence report prepared for the district court. "[A] presentence report reciting the facts of the crime is insufficient evidence to establish ... the elements of the generic definition of a crime when the statute of conviction is broader than the generic definition." *Corona–Sanchez*, 291 F.3d at 1212. Accordingly, Contreras–Salas' presentence report—which merely paraphrases the facts of the child abuse as alleged in the information—cannot be used here. Even if we could consider the PSR (which we cannot), it would not help the government in this case. If anything, the PSR suggests that Contreras–Salas was guilty of criminal neglect rather than a use of force:

> The defendant took her then eighteen-month-old child to the hospital approximately one day after the child had sustained significant physical injuries and she was reportedly advised to seek medical attention for the child by a third party. The investigation that followed revealed that the child sustained 25 different areas of trauma including skull fractures, significant bruising, and numerous breaks in the right leg. A search of a vehicle located at the defendant's residence revealed blood on the child's car seat and blood on other items inside the vehicle.

Thus, it remains unknown whether Contreras–Salas was convicted under the statute for causing the physical trauma

---

2. The information alleged:
   Maria Brooks [an alias of Contreras–Salas] and Steve Walsh [her husband at the time] ... have committed the crime of CHILD ABUSE AND/OR NEGLECT CAUSING SUBSTANTIAL BODILY HARM, a violation of [Nev.Rev.Stat.] 200.508, a felony, in the manner following: That the said defendants ... in joint participation with each other ... did willfully and unlawfully, being adult persons, allow, cause and/or permit ... a child ... to suffer unjustifiable physical pain and mental suffering which abuse and/or neglect resulted in substantial bodily harm to the said child, in that the said defendants, one and/or both of them, caused said child to suffer four broken bones and a skull fracture and ... did not seek medical assistance for said child for at least twenty-four hours.
   The judgment simply pronounced her "guilty of the crime of Child Abuse and/or Neglect Causing Substantial Bodily Harm."

through the use of force or through failing to take her child to the hospital after the child sustained these admittedly horrific physical injuries. The presentence report does not establish that the jury in convicting her was required to find all the elements of a "crime of violence." *See Taylor,* 495 U.S. at 602, 110 S.Ct. 2143; *Corona–Sanchez,* 291 F.3d at 1211–12. Without the jury instructions, or some other admissible clarifying evidence, the government did not sufficiently establish the elements of Contreras–Salas' prior conviction.

### III.

Absent evidence proving that Contreras–Salas' actual conviction under Nevada's over-inclusive statute encompassed the requisite use of force to constitute a "crime of violence," the 16–level sentencing enhancement was inappropriate. Accordingly, we REVERSE the district court's imposition of the enhancement, VACATE the sentence and REMAND for resentencing. The mandate shall issue forthwith.