**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOSE BOLANOS-HERNANDEZ,
            *Defendant-Appellant.*

No. 06-30406

D.C. No.
CR 05-0183 WFN

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted
March 9, 2007—Seattle, Washington

Filed August 6, 2007

Before: Betty B. Fletcher, Diarmuid F. O'Scannlain, and
A. Wallace Tashima, Circuit Judges.

Opinion by Judge Tashima

9389

## COUNSEL

Tracy A. Staab, Assistant Federal Public Defender, Spokane, Washington, for the defendant-appellant.

Pamela J. Byerly, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee.

## OPINION

TASHIMA, Circuit Judge:

Jose Bolanos-Hernandez ("Bolanos") appeals the sentence imposed after he pleaded guilty to illegal re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326. He contends that his sentence should be reversed because: (1) his prior conviction for assault with intent to commit rape is not a crime of violence; and (2) the district court improperly found that he was subject to a prior conviction and that he had been deported subsequent to that conviction. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

We hold that Bolanos' prior California crime of assault with intent to commit rape, in violation of Cal. Penal Code §§ 220 and 261(a)(2), is a crime of violence under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2L1.2(b)(1)(A)(ii). We therefore affirm the sixteen-level enhancement imposed by the district court. We also reject Bolanos' contention that he was sentenced based on facts improperly found by the district court.

## STANDARD OF REVIEW

We review the district court's interpretation of the Guidelines, including its determination whether a prior conviction

is a "crime of violence" for purposes of U.S.S.G. § 2L1.2, de novo. *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 856 (9th Cir. 2005). We also review the constitutionality of a statute de novo, as it is a pure question of law. *See United States v. Carranza*, 289 F.3d 634, 643 (9th Cir. 2002).

## FACTUAL AND PROCEDURAL BACKGROUND

Bolanos, an alien, was indicted on October 18, 2005, on one count of being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. He pleaded guilty. During the plea colloquy, the district court asked Bolanos if he had been deported on October 9, 2002, and Bolanos answered that he had. The district court also asked if he had subsequently entered the country without permission, and Bolanos answered that he had.

Bolanos' presentence investigation report ("PSR") recommended increasing his base offense level by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). The PSR asserted that Bolanos had been deported following a conviction for assault with intent to commit rape, a crime of violence, committed in 2000 in California. Based on the adjusted offense level, the PSR recommended a sentencing range of forty-one to fifty-one months.

At sentencing, the government provided several documents related to Bolanos' prior conviction, including: (1) the criminal complaint charging assault with intent to commit rape; (2) Bolanos' plea of no contest; (3) the minute order and commitment; and (4) the transcript of Bolanos' sentencing hearing. The documents established that Bolanos was charged and convicted of violating Cal. Penal Code §§ 220 and 261(a)(2).

Section 220 provides that "[e]very person who assaults another with intent to commit . . . rape . . . is punishable by imprisonment in the state prison for two, four, or six years."

Cal. Penal Code § 220 (1999). Section 261(a) defines "rape" as follows:

> Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: . . . (2) Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or [sic] another.

Cal. Penal Code § 261(a)(2) (1999).

At the district court sentencing hearing, the court found that the California offense of assault with intent to commit rape is categorically a crime of violence, holding it to be a "forcible sex offense." Consequently, the district court imposed the sixteen-level enhancement. The court sentenced Bolanos to forty-one months' imprisonment, a three-year period of supervised release, and a $100 special assessment.

## ANALYSIS

### I. Assault with Intent To Commit Rape Is a Crime of Violence.

Even though the Guidelines were made advisory in *United States v. Booker*, 543 U.S. 220 (2005), the district court's Guidelines calculation is still subject to appellate review, as district courts must utilize the Guidelines, along with the sentencing goals, when fashioning a sentence. *United States v. Reina-Rodriguez*, 468 F.3d 1147, 1150 n.1 (9th Cir. 2006) (quoting *Booker*, 543 U.S. at 259).

[1] Section 2L1.2 of the Guidelines applies to a violation of 8 U.S.C. § 1326. *See* U.S.S.G. § 2L1.2 cmt. statutory provisions (2005). The Guidelines provide a base offense level of eight, with the possibility of various increases in offense level

if the defendant previously was deported after certain qualify-ing convictions. *See* U.S.S.G. § 2L1.2. Pursuant to § 2L1.2(b)(1)(A), an enhancement of sixteen levels applies if Bolanos was deported after committing a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii).

According to the Commentary, a "crime of violence" is defined as:

> murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses*, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extor-tionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (emphasis added). "Forc-ible sex offenses" are thus enumerated crimes of violence. Attempts to commit such offenses are also counted as crimes of violence. *See id.* § 2L1.2 cmt. n.5.

To determine whether a defendant's particular prior offense qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii), we look to the framework established by *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Pimentel-Flores*, 339 F.3d 959, 968 (9th Cir. 2003). *Taylor* requires that the court analyze the statutory definition of the offense rather than the defendant's underlying conduct. *Taylor*, 495 U.S. at 602. We compare the elements of a forcible sex offense with the statutory elements of Bolanos' prior offense of assault with intent to commit rape. *Cf. id.* at 598-602. If the elements of a forcible sex offense encompass California's definition of assault with intent to commit rape, assault with intent to com-mit rape is "categorically" a crime of violence.[1] *See id.* at 588.

_____

[1] If the statutory elements of Bolanos' crime of conviction criminalize both conduct that would qualify as a forcible sex offense and conduct that

In conducting this analysis, we read the state statutes according to their interpretation by California state courts. *See Reina-Rodriguez*, 468 F.3d at 1152.

We first consider what conduct is encompassed by the term "forcible sex offense." We ascribe traditional crimes, such as burglary or theft, their "generic, contemporary meaning," by reference to the definitions employed by most states as well as guidance from LaFave's treatise and the Model Penal Code. *See, e.g.*, *Taylor*, 495 U.S. at 598 (burglary); *United States v. Corona-Sanchez*, 234 F.3d 449, 452-55 (9th Cir. 2000) (theft). Non-traditional offenses, on the other hand, are defined according to their "ordinary, contemporary, and common meaning." *United States v. Lopez-Solis*, 447 F.3d 1201, 1207 (9th Cir. 2006) (internal quotation marks omitted); *see, e.g., Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (interpreting "crime of violence" under 18 U.S.C. § 16 by referencing the natural connotation and ordinary meaning of the statutory language setting forth the definition); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1125, 1132 (9th Cir. 2006) (en banc) (following *Leocal* to interpret the meaning of "crime of domestic violence" under 8 U.S.C. § 1227(a)(2)(E)(i)); *Lopez-Solis*, 447 F.3d at 1207 (defining "sexual abuse of a minor" under U.S.S.G. § 2L1.2 employing the dictionary definition of "abuse" and the common understanding of the words "sexual"

---

would not, a court may additionally consider the terms of the plea agreement or transcript of the colloquy between the judge and the defendant confirming the plea's factual basis in order to determine whether the prior conviction was for a crime of violence. *Shepard v. United States*, 544 U.S. 13, 21, 26 (2005); *see, e.g.*, *Reina-Rodriguez*, 468 F.3d at 1153-57 (applying so-called "modified categorical approach" to prior conviction for burglary). In this case, however, there is no submitted plea colloquy, and the terms of the plea agreement reveal no additional information regarding Bolanos' offense. As we may not rely on facts contained in the PSR, *United States v. Contreras-Salas*, 387 F.3d 1095, 1098 (9th Cir. 2004), we are limited to evaluating Bolanos' offense using only "the fact of conviction and the statutory definition of the prior offense," derived in this case from the criminal minute order and commitment. *Taylor*, 495 U.S. at 602.

and "minor"); *United States v. Trinidad-Aquino*, 259 F.3d 1140, 1145 (9th Cir. 2001) (interpreting "crime of violence" under 18 U.S.C. § 16 by referencing the dictionary definition and "ordinary, contemporary, and common parlance" of the statutory language setting forth the definition).

A "forcible sex offense" is not a traditional crime. The term appears in the codes of only three states. *See* Cal. Welf. & Inst. Code § 602(b)(2)(C); Cal. Penal Code § 264.1 (referring to sexual intercourse or penetration by force or violence); Me. Rev. Stat. Ann. tit. 17-a, §§ 108 cmt., 253(1)(A) (referring to sexual intercourse compelled by force); N.H. Rev. Stat. Ann. § 627:4(II) (offering no additional description of the term). It is not discussed at all by the Model Penal Code or LaFave's treatise. *See generally* Model Penal Code §§ 213.0-.6 (1981) (discussing sexual offenses); Wayne R. LaFave, Substantive Criminal Law 604-64 (2d ed. 2003) (discussing rape). "Forcible sex offenses," therefore, are defined according to the ordinary, contemporary, and common meaning of the term.

**[2]** But we need not formulate a comprehensive definition of "forcible sex offenses" in order to resolve this appeal, as we are satisfied that assault with intent to commit rape would satisfy the ordinary, contemporary, and common meaning of a "forcible sex offense." First, rape is a "sex offense," as the term is commonly understood. *See* Black's Law Dictionary 1112 (8th ed. 2004) (a "sexual offense" "involv[es] unlawful sexual conduct"); *cf. United States v. Beltran-Munguia*, No. 06-30118, 2007 WL 1630165 (9th Cir. June 7, 2007) (in considering whether defendant's conviction for second-degree sexual abuse required force, assuming without discussion that criminal acts of sexual intercourse or penetration would qualify).

**[3]** As the Sentencing Commission has indicated that attempt crimes carry the same weight as completed crimes, attempted rape would also qualify as a sex offense. *See* U.S.S.G. § 2L1.2 cmt. n.5. Assault with intent to commit

rape, in violation of California Penal Code §§ 220 (prohibiting assaults with intent to commit certain felonies) and 261 (prohibiting rape), is considered by the California courts to be an aggravated form of attempted rape. *See People v. Holt*, 937 P.2d 213, 248-49 (Cal. 1997) (stating that assault with intent to commit rape would be the appropriate charge where there has been an attempted but unsuccessful rape which included an assault). As a form of attempted rape, assault with intent to commit rape is a "sex offense."

The question remaining is whether the offense of assault with intent to commit rape is "forcible." Prior opinions of this circuit provide a starting point for interpretation of this element. Specifically, we have held that "forcible" connotes the use of some force outside of the act of unwanted penetration.

In *Beltran-Munguia*, we recently held that the Oregon crime of sexual abuse in the second degree, which criminalizes nonconsensual intercourse or penetration,[2] is not categorically a forcible sex offense. 2007 WL 1630165, at *7. We first noted that the plain language of the term suggested a requirement of force. *Id.* Relying on an earlier case, which had declared that the California crime of sexual battery was not a forcible sex offense because it merely required ephemeral touching of the victim, we held that there must be an element of force within the state statute to qualify it as "forcible." *Id.* (citing *United States v. Lopez-Montanez*, 421 F.3d 926, 929-30 (9th Cir. 2005)). Elsewhere, the opinion rejected the possibility that the requisite amount of force inheres in an act of penetration. *Id.* at *4. Because the Oregon

---

[2]Under the Oregon statute:

> A person commits the crime of sexual abuse in the second degree when that person subjects another person to sexual intercourse, deviate sexual intercourse or . . . penetration of the vagina, anus or penis with any object other than the penis or mouth of the actor and the victim does not consent thereto.

Or. Rev. Stat. § 163.425.

statute did not require an independent showing of force above and beyond the force inherent to penetration, the conviction could not qualify as a categorical forcible sex offense. *Id.* at *7. Under *Beltran-Munguia*, therefore, "forcible" sex offenses criminalize acts that necessitate the use of force.

On the other hand, "forcible" does not refer to the heightened level of force needed to qualify a crime under § 2L1.2's provision that a crime of violence includes "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). In considering whether an offense fits under this "catch-all" provision, we require that such force " 'must actually be violent in nature.' " *United States v. Ceron-Sanchez*, 222 F.3d 1169, 1172 (9th Cir. 2000) (quoting *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000)), *overruled on other grounds*, *Fernandez-Ruiz*, 466 F.3d at 1132, 1134-35. It is a fundamental canon of statutory construction that a text should not be construed so as to render any of its provisions mere surplusage. *See, e.g.*, *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). Requiring forcible sex offenses, one of the enumerated crimes of violence, to contain the same level of force required to qualify a crime under the catch-all provision would subsume "forcible sex offenses" within the catch-all category, rendering the enumeration superfluous. We reject this reading of the provision.

The Sentencing Commission has disavowed such a result. Prior to November 1, 2003, the definition of "crime of violence" contained within the commentary to § 2L1.2 was as follows:

> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including

sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2 cmt. n.1(B)(ii) (2002) (amended 2003).

The preceding definition was amended in 2003 to its current definition, which (among other changes) combines subsections I and II, reverses their order, and changes the connecting word from "and" to "or:"

> "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*Id.* § 2L1.2 cmt. n.1(B)(iii) (2005).

The Commission explained that the reason for the commentary amendment was to

> clarif[y] the meaning of the term "crime of violence" by providing that the term "means any of the following: . . . ." The previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor and residential burglary, also had to include as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another." The amended definition makes clear that the enumerated offenses are always classified as "crimes of violence," regardless of whether the prior offense expressly has as an element the use,

attempted use, or threatened use of physical force against the person of another.

*Id.* app. C, vol. II, amd. 658, at 401-02 (Nov. 1, 2003);[3] *cf. Asberry*, 394 F.3d at 716-17 (citing Amendment 658 as evidence of the Sentencing Commission's intent that the Oregon offense of statutory rape, which contains no requirement of force, should be treated as a per se crime of violence).

Forcible sex offenses therefore require more force than that inherent to penetration but need not require violent force. After examining California's interpretation of assault with intent to commit rape in light of the above considerations, we conclude that it is "forcible" because California courts require a showing that the defendant has used or attempted at least some level of force on the victim.

**[4]** A conviction for assault with intent to commit rape, in violation of Cal. Penal Code §§ 220 and 261(a)(2), requires proof of the elements of attempted rape plus those of assault. *People v. Pierce*, 128 Cal. Rptr. 2d 397, 401 (Ct. App. 2002);

---

[3]We recognize the tension between this statement by the Sentencing Commission and our holdings in *Beltran-Munguia* and *Lopez-Montanez*, which do require forcible sex offenses to contain an element of force. Generally, we must follow the Commentary to the Guidelines in interpreting Guidelines provisions, unless the Commentary "violates the Constitution or a federal statute, or is inconsistent with the Guidelines." *United States v. Asberry*, 394 F.3d 712, 716 n.5 (9th Cir.) (citing *Stinson v. United States*, 508 U.S. 36, 38 (1993)), *cert. denied*, 126 S. Ct. 198 (2005). On the other hand, of course, we are bound to follow our circuit's precedent in the absence of en banc action or a clearly irreconcilable ruling by a higher court. *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). Moreover, we note that the commentary to the Amendment is not fully consistent with the plain language of "forcible sex offenses," whose ordinary and common meaning would almost certainly include the use of some species of force. In any event, because we conclude that assault with intent to commit rape does qualify as a forcible sex offense, *Beltran-Munguia* and *Lopez-Montanez* do not dictate a result contrary to the Sentencing Commission's expressed intent in this case.

*see also* Comm. on Cal. Crim. Jury Instructions, California Jury Instructions: Criminal ("CALJIC") § 9.09 (2006) (jury instructions for "Assault With Intent to Commit Certain Felonies," requiring proof that a person was assaulted and that the assault was made with the specific intent to commit the associated felony, such as rape). The jury instructions for assault require the prosecution to prove the following elements:

> 1.   A person willfully [and unlawfully] committed an act which by its nature would probably and directly result in the application of physical force on another person;

> 2.   The person committing the act was aware of facts that would lead a reasonable person to realize that as a direct, natural, and probable result of this act that physical force would be applied to another person; and

> 3.   At the time the act was committed, the person committing the act had the present ability to apply physical force on the person of another.

CALJIC 9.00 (2006).[4] Each of these elements specifically discusses the application of actual or attempted physical force on the victim. Assault with intent to commit rape therefore requires at least the attempted application of some physical force.[5]

---

[4]These instructions track Cal. Penal Code § 240, which defines "assault" as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Bolanos was not charged with violating § 240, but, as noted above, § 220 incorporates the elements of assault.

[5]Caselaw similarly focuses on the defendant's intent to apply force, holding that assault with intent to commit rape is complete once the defendant "intends to use whatever force may be required" to commit the sexual act against the will of the victim. *People v. Maury*, 68 P.3d 1 (Cal. 2003); *accord People v. Elam*, 110 Cal. Rptr. 2d 185 (Ct. App. 2001).

Further, the force appears to be in addition to that required to complete intercourse or penetration. We have located no case in which a defendant was convicted of assault with intent to commit rape without conduct involving the application of force above and beyond the force inherent to the threatened act of penetration. For example, in *People v. Davis*, 896 P.2d 119 (Cal. 1995), the California Supreme Court held that there was sufficient evidence the defendant had committed assault with intent to commit rape where the victim testified that he prevented her from opening the car door to leave, and he aggressively fondled her breasts and crotch over her protests. *Id.* at 142-43. Similarly, in *People v. Bradley*, 19 Cal. Rptr. 2d 276 (Ct. App. 1993), *overruled on other grounds in People v. Rayford*, 884 P.2d 1369, 1381 (Cal. 1994), the Court of Appeal found sufficient evidence of assault with intent to commit rape where the defendant grabbed the victim's arm, forced her to hang up the phone, and led her by the arm to a secluded area. *Id.* at 283; *cf. James v. United States*, 127 S. Ct. 1586, 1597 (2007) (holding that courts should examine the ordinary case, rather than theoretical possibilities, when evaluating whether a crime presented a serious potential risk of injury under 18 U.S.C. § 924(e)(2)(B)(ii)); *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007) ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime . . . requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.").[6]

---

[6]Bolanos argues that his crime is not a categorical crime of violence because one can violate California's forcible rape statute, California Penal Code § 261(a)(2), by accomplishing sexual intercourse through "fear of immediate and unlawful bodily injury." Therefore, the California statute defining assault with intent to commit rape criminalizes conduct that would not constitute force. *See People v. Iniguez*, 872 P.2d 1183, 1188 (Cal. 1994) (holding that fear of immediate and unlawful bodily injury may be shown either by demonstrating a genuine and objectively reasonable fear of harm or by demonstrating an "unreasonable fear . . . if the accused knowingly takes advantage of that fear in order to accomplish sexual intercourse" (internal quotation marks omitted)); *People v. St.*

**[5]** Thus, because California caselaw suggests that the ordinary conviction for violating California Penal Code §§ 220 and 261(a)(2) will involve the application or threat of force, extrinsic to the force required for penetration, and because the essential crime is an attempted rape, we hold that assault with intent to commit rape is a forcible sex offense.

## II. The District Court Made No Improper Findings of Fact.

Bolanos argues that the district court found that he was removed subsequent to a prior conviction, extending its judicial factfinding "beyond the conclusive judicial record of a prior conviction," even though *Shepard*, 544 U.S. 13, merely authorized the district court to find the fact of the prior conviction. He contends that such additional factfinding raises a constitutional question, and the court should avoid the constitutional question by limiting Bolanos' maximum sentence to two years under 8 U.S.C. § 1326(a). Bolanos also contends that the additional factfinding violated his rights to due process and to notice and a jury trial. Finally, he argues that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is

---

*Andrew*, 161 Cal. Rptr. 634, 644 (Ct. App. 1980) (discussing the preceding possibility where the alleged rape took place in a mental institution, the complainant was a patient, and the defendant was one of her caretakers).

We are unmoved by Bolanos' argument because, as discussed above, Bolanos was convicted of assault with intent to commit rape. He identifies no case that would breathe life into his hypothetical scenario in which a California court would convict a defendant of committing an *assault* with intent to commit rape by means of instilling an unreasonable fear in the victim. *Cf. Duenas-Alvarez*, 127 S. Ct. at 822 (the defendant "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues"). Indeed, despite the courts' language in *Iniguez* and *St. Andrew*, we have found no case in which a defendant has been successfully convicted of rape under § 261(a)(2) without a finding that he used or threatened force. *Cf. St. Andrew*, 161 Cal. Rptr. at 645 (reversing conviction).

invalid; thus, he was entitled to a jury determination of the fact of his prior conviction.

**[6]** Bolanos' argument with respect to the validity of *Almendarez-Torres* is foreclosed by our precedent. *See, e.g.*, *United States v. Maciel-Vasquez*, 458 F.3d 994, 995 (9th Cir. 2006) (concluding that we are bound to follow *Almendarez-Torres* until the Supreme Court expressly overrules it), *cert. denied*, 127 S. Ct. 2097 (2007). Further, we reject Bolanos' contentions that the district court improperly conducted additional factfinding by finding that Bolanos had been deported subsequent to the conviction. The record reveals that, during the plea proceeding, Bolanos himself admitted that he had been deported to El Salvador on October 9, 2002. He further admitted that he had reentered the United States without first receiving permission from the United States to do so. The district court thus found no facts beyond the fact of the prior conviction. Bolanos' *Shepard-* and *Almendarez-Torres*-based arguments are unfounded.

## CONCLUSION

As an aggravated form of attempted rape, the California crime of assault with intent to commit rape, in violation of Cal. Penal Code §§ 220 and 261(a)(2) is a sex offense which requires the attempted use of force. Bolanos' California conviction for assault with intent to commit rape is therefore a forcible sex offense, and was correctly designated a "crime of violence" under U.S.S.G. § 2L1.2. The district court did not improperly find any facts beyond the fact of Bolanos' prior conviction, and circuit precedent forecloses Bolanos' contention that *Almendarez-Torres* is invalid. The district court's sentence is

**AFFIRMED**.