**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Luis SERRANO–RODRIGUEZ, Defendant—Appellant.**

**No. 06–10257.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Ronald C. Rachow, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael D. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jose Luis Serrano–Rodriguez appeals from the 65–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Serrano–Rodriguez contends that the district court erred by failing to take into account an alleged delay in his prosecution for illegal reentry following his state conviction. We disagree. The record discloses that the district court considered and rejected Serrano–Rodriguez's contentions regarding the alleged delay at sentencing.

Serrano–Rodriguez also contends that his Fifth and Sixth Amendment rights were violated because the district court enhanced his sentence based on a fact, that he was removed subsequent to a felony conviction, that was neither admitted nor proven beyond a reasonable doubt to a jury. However, Serrano–Rodriguez admitted pursuant to his guilty plea that he was removed from the United States in 1998. We therefore conclude that the district court did not make findings beyond the fact of a prior conviction when it determined that Serrano–Rodriguez was previously removed subsequent to a felony conviction. See 8 U.S.C. § 1326(b); United States v. Bolanos–Hernandez, 492 F.3d 1140, 1148 (9th Cir.2007).

Serrano–Rodriguez further contends, for the first time on appeal, that the district court erred by basing the sentence on an error in the Presentence Report ("PSR"). Specifically, he contends that, although the PSR found he had two prior felony convictions which could support a sentence enhancement under U.S.S.G. § 2L1.2, only one such conviction occurred prior to his 1998 removal. However, Serrano–Rodriguez did not object to the PSR on these grounds at sentencing, and does not dispute that the other conviction occurred prior to the removal. See Fed.R.Crim.P. 32(i)(3)(A). Accordingly, we conclude that the district court properly calculated the advisory Sentencing Guidelines range. Furthermore, we conclude that the 65–month sentence was not unreasonable in light of the factors set forth at 18 U.S.C. § 3553(a). See United States v. Perez–Perez, No. 06–30341, 2007 WL 3052985, at *2 (9th Cir. Oct.22, 2007).

Serrano–Rodriguez's remaining contentions regarding the continuing viability of Almendarez–Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), are foreclosed. See United States

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006).

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.