**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Miguel Angel ARIAS, Defendant—Appellant.**

No. 07–30157.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Jan. 8, 2008.

Pamela Jackson Byerly, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tracy A. Staab, Esq., FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant–Appellant.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

MEMORANDUM **

Miguel Angel Arias appeals from the 84–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Arias contends that his Fifth and Sixth Amendment rights were violated because the district court enhanced his sentence based on the fact that he was removed subsequent to a felony conviction, a fact that was neither admitted nor proven beyond a reasonable doubt to a jury. However, Arias admitted pursuant to his plea agreement and during his plea colloquy that he was removed from the United States in 2004, subsequent to his 1989 felony conviction for attempted murder. We therefore conclude that the district court did not make findings beyond the fact of a prior conviction when it determined that Arias was previously removed subsequent to a felony conviction. *See* 8 U.S.C. § 1326(b); *United States v. Bolanos–Hernandez*, 492 F.3d 1140, 1148 (9th Cir.2007).

Arias also contends that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no

longer good law. We reject this contention. *See Bolanos–Hernandez*, 492 F.3d at 1148.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.