**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Francisco HONORATO-RODRIGUEZ, Defendant—Appellant.**

**No. 07–10285.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed May 28, 2008.

---

Angela W. Woolridge, Esq., USTU–Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Arthur J. Hutton, Esq., Tucson, AZ, for Defendant–Appellant.

Before: HUG, KLEINFELD, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

In this case, we must consider whether Honorato–Rodriguez's prior Pennsylvania conviction for indecent assault is a crime of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See* 18 Pa. Cons.Stat. § 3126(a).

2. *See United States v. Bolanos–Hernandez*, 492 F.3d 1140, 1144–46 (9th Cir.2007).

violence under USSG § 2L1.2(b)(1)(A)(ii). Yet, we cannot discern from the record whether Honorato–Rodriguez's prior Pennsylvania conviction was for violating 18 Pa. Cons.Stat. Ann. § 3126(a)(1), or (2), or both. The record only reflects that Honorato–Rodriguez was charged with violating both subsections of the Pennsylvania indecent assault statute, and that he pleaded guilty to "indecent assault." The Pennsylvania indecent assault statute, however, contains eight subsections, and each subsection criminalizes different conduct.[1] Without knowing whether Honorato–Rodriguez pleaded to (a)(1), (a)(2), or both, we cannot determine whether his prior conviction was a crime of violence.

Section 3126(a)(1) criminalizes indecent assault as indecent contact "without the complainant's consent," whereas (a)(2) proscribes indecent contact "by forcible compulsion." If convicted under subsection (a)(1), then Honorato–Rodriguez's prior conviction would not be a crime of violence under the Sentencing Guidelines using either the categorical or modified categorical approach.[2] Under the categorical approach, the full range of conduct encompassed by subsection (a)(1) is greater than the crime of violence definition in USSG § 2L1.2(b)(1)(A)(ii).[3] Under the modified categorical approach, the government did not produce judicially noticeable documents demonstrating that Honorato–Rodriguez's prior conviction was for a crime of violence.[4] If convicted under (a)(2), then Honorato–Rodriguez's prior conviction would categorically be a crime of violence under USSG § 2L1.2(b)(1)(A)(ii).[5] The

---

3. *See Kepilino v. Gonzales*, 454 F.3d 1057, 1061 (9th Cir.2006).

4. *See Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

5. *See Bolanos–Hernandez*, 492 F.3d at 1145–46.

documents, however, do not establish that he was convicted under that specific subsection.[6]

The sentence is VACATED and the case is REMANDED for resentencing.

---

6. *See Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).