MEMORANDUM **
Pedro Balderamas-Madrid appeals from a judgment of conviction entered in the United States District Court for the Southern District of California, convicting him, after a plea of guilty, of one count of being a previously deported alien found in the United States, in violation of 8 U.S.C. § 1326. The defendant was sentenced principally to a period of incarceration of fifty-four months, sixteen months below the applicable range provided by the Sentencing Guidelines. We affirm.
The applicable range prescribed by the Sentencing Guidelines was seventy to eighty-seven months. This resulted from a sixteen-level enhancement based on the defendant’s conviction of a prior “crime of violence.” The charging instrument to which he had previously pled alleged a violation of California Penal Code § 220. Closely tracking the language of § 220, the information alleged, in relevant part, that the defendant “did unlawfully assault Donna Ortiz, with the intent to commit rape, sodomy, oral copulation, and a violation of sections 264.1, 288 and 289 [of the California Penal Code].”
The defendant argues that the district court erred in finding that the crime of which he had been convicted previously was a “crime of violence,” warranting such an enhancement under U.S.S.G. § 2L1.2(b)(1)(A). The definition of a “crime of violence,” as set out in the Application Note to § 2L1.2 includes “forcible sex offenses.” U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii) (2003). The force employed to commit such an offense need not be violent in nature. United States v. Bolanos-Hernandez, 492 F.3d 1140, 1146 (9th Cir.2007). This definition is sufficient to encompass the offense of assault with the intent to commit specified substantive sex offenses prescribed in § 220, because § 220 “requires at least the attempted application of some physical force,” id. at 1147, although the force need not be violent. Id.; see also People v. McCoy, 25 Cal.2d 177, 153 P.2d 315, 322 (1944).
*543 While the offense in Bolanos-Hemandez involved assault with the intent to commit rape, there is no viable distinction between assault with the intent to commit rape and assault with the intent to commit the other sex offenses specified in § 220. Indeed, except for the fact that § 220 requires a specific intent to commit a specified substantive sex offense, People v. Colantuono, 7 Cal.4th 206, 26 Cal.Rptr.2d 908, 865 P.2d 704, 710 & n. 6 (1994), the definition of assault in § 220 is otherwise consistent with the general definition of assault set out in California Penal Code § 240. See Bolanos-Hernandez, 492 F.3d at 1147 n. 4.
Nor do we find persuasive the defendant’s argument that, because “many types of rape, oral copulation, sodomy and violations of § 288 and § 289 do not require force, § 220 is not categorically a ‘forcible’ sex offense.” This argument is predicated on the fact that a person may be convicted of rape and the other specified offenses where the conduct was undertaken with the consent of the victim under circumstances in which the consent is not regarded as valid. This argument ignores the fact that by coupling assault with the specified substantive offenses, § 220 essentially carved out a categorical group of sex offenses that require “at least the attempted application of some physical force.” Bolanos-Hernandez, 492 F.3d at 1147.
The defendant’s final argument is that the statutory maximum for the offense for which he was convicted is two years. This argument is predicated upon the fact that the holding of the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which would compel its rejection, has been overruled. The Supreme Court has never overruled that case. Indeed, the defendant’s argument rests on the fact that in cases in which the specific issue was not directly addressed, five justices expressed doubt about the continuing viability of Almendarez-Torres. This circumstance does not provide any justification for us to hold that a decision of the Supreme Court has been overruled. See Agostini v. Felton, 521 U.S. 203, 217, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). Indeed, we have already so held. Butler v. Curry, 528 F.3d 624, 643-44 (9th Cir.2008). Nor is 8 U.S.C. § 1326(b) unconstitutional. United States v. Martinez-Martinez, 295 F.3d 1041, 1043 (9th Cir.2002).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.