**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50151 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-00719-L-1 |
| v. | |
| RIGOBERTO HERNANDEZ-RIVERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted December 8, 2009
Pasadena, California

Before:    REINHARDT, TROTT, and WARDLAW, Circuit Judges.

Rigoberto Hernandez-Rivera, a native and citizen of Mexico, appeals the

district court's denial of his motion to dismiss the indictment, which was based on

an allegedly invalid order of deportation; and the district court's determination that

a conviction for attempted sodomy under California Penal Code §§ 664 and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

286(c)(2) is a categorical crime of violence under U.S.S.G. § 2L1.2. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part, vacate in part, and remand for further proceedings.

The district court properly denied the motion to dismiss the indictment because Hernandez-Rivera failed to demonstrate he had a plausible basis for seeking pre-conclusion voluntary departure, adjustment of status, or relief under the Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h). See United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004) (requiring prejudice to sustain a collateral attack on an underlying deportation order); United States v. Pallares-Galan, 359 F.3d 1088, 1103 (9th Cir. 2004) ("To prove prejudice, [a petitioner] . . . must show . . . he had a 'plausible' basis for seeking relief from deportation."); 8 C.F.R. § 212.7(d) (stating that INA § 212(h) relief will not be granted in cases involving violent or dangerous crimes unless the alien clearly demonstrates exceptional and extremely unusual hardship).

However, with respect to Hernandez-Rivera's sentence, we conclude that attempted sodomy under California Penal Code §§ 664 and 286(c)(2) is not a categorical "crime of violence" under U.S.S.G. § 2L1.2 because the state statutes do not require the use of physical force beyond that inherent to penetration, nor do they require the use, attempted use, or threatened use of violent physical force. See

2

U.S.S.G. § 2L1.2, cmt. 1(B)(iii)); <u>United States v. Bolanos-Hernandez</u>, 492 F.3d 1140, 1145–46 (9th Cir. 2007) (holding that forcible sex offenses require more physical force than that inherent to penetration, but that under the catch-all provision, the force used "'must actually be violent in nature'").  Accordingly, we vacate Hernandez-Rivera's sentence and remand to the district court on an open record to allow it to apply the modified categorical approach in the first instance. <u>See</u> <u>United States v. Grisel</u>, 488 F.3d 844, 852 (9th Cir. 2007) (en banc) (finding remand for resentencing on an open record appropriate when the district court has erred in applying a categorical inquiry).

**AFFIRMED in part; VACATED in part; and REMANDED for further proceedings.**