**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA LITA PADERNAL-NYE,<br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR.,<br>Respondent. | No. 08-72076<br><br>Agency No. A072 515 064<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2011
San Francisco, California

Before: O'SCANNLAIN, and BYBEE, Circuit Judges, and HAYES,[**] District
Judge.

Petitioner appeals from the decision of the Board of Immigration Appeals

("the Board") ordering her removal to the Republic of the Philippines. The Board

adopted the decision of the Immigration Judge finding Petitioner removable under

section 237(a)(2)(A)(iii) of the Immigration and Naturalization Act ("the Act") on

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William Q. Hayes, United States District Judge for the
Southern District of California, sitting by designation.

the grounds that her 1996 conviction under section 200.508 of the Nevada Revised Statutes for child abuse and neglect was a "crime of violence" and, therefore, an "aggravated felony." The Board further concluded that Petitioner was removable under section 237(a)(2)(A)(i) of the Act on the grounds that her 1996 child abuse conviction was "a crime involving moral turpitude."

Using the modified categorical analysis,[1] the Court "may look beyond the language of the statute to a narrow, specified set of documents that are part of the record of conviction, including 'the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings.'" *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004) (quoting *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc)). Petitioner admitted as a factual basis in her signed plea agreement[2] underlying the 1996 conviction for child abuse that she was a person responsible for the care, custody and control of a child 10 years of age; and that she willfully, unlawfully, and knowingly caused the

---

[1]*See United States v. Contreras-Salas,* 387 F.3d 1095, 1097 (9th Cir. 2004).

[2]At oral argument, Petitioner asserted without reference to any portion of the record that the signed plea agreement was repudiated in the plea colloquy. Petitioner did not raise the argument at any stage in the administrative proceedings, or at any stage in the briefing presented in this Court. Accordingly, this argument has been waived. *See Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008); *see also* 8 U.S.C. § 1252(d)(1).

child to suffer unjustifiable physical pain, or mental suffering, by kicking and pulling on the child and by holding a knife to his throat. The Board properly concluded that Petitioner's 1996 conviction for child abuse was a crime of violence as defined by 18 U.S.C. § 16(a) and a crime of moral turpitude which rendered the Petitioner statutorily ineligible for voluntary departure and subject to removal. 8 U.S.C. § 1227(a)(2)(A)(i), (iii).

PETITION DENIED.