Opinion by Judge PAEZ; Dissent by Judge WALTER.
OPINION
PAEZ, Circuit Judge:
Arvin Espinoza-Morales appeals the 57-month sentence imposed following his guilty plea to attempted reentry following deportation in violation of 8 U.S.C. § 1326. In particular, Espinoza challenges the district court’s application of U.S. Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(l)(A)(ii), which imposes a 16-level enhancement where a defendant has previously been convicted of a felony “crime of violence.” In this appeal, we consider whether Espinoza’s prior conviction for sexual battery under California Penal Code section 243.4(a) or his conviction for penetration with a foreign object under California Penal Code section 289(a)(1) constitutes a crime of violence warranting the § 2L1.2(b)(l)(A)(ii) enhancement. We conclude that they do not, under either the categorical or modified categorical approach, and we accordingly vacate Espinoza’s sentence and remand for re-sentencing.
I. FACTUAL BACKGROUND
In March 2008, Espinoza, a citizen of Nicaragua, pleaded guilty to one count of attempted reentry after deportation in violation of 8 U.S.C. § 1326. The government urged the court to apply a 16-level enhancement under U.S.S.G. § 2L1.2(b)(l)(A)(ii) on the grounds that Espinoza had previously been deported after “conviction for a felony that is ... a crime of violence.” The government contended that Espinoza’s 1999 convictions for sexual battery under California Penal Code section 243.4(a) and for penetration with a foreign object under California Penal Code section 289(a)(1) — convictions that arose out of a single incident — qualified as crimes of violence within the meaning of the Sentencing Guidelines. Although the government conceded that the sexual battery conviction under section 243.4(a) did not constitute a categorical crime of violence, it argued that the section 289(a)(1) penetration with a foreign object offense categorically constituted a crime of violence. The government also contended that both crimes amounted to crimes of violence under the modified categorical approach. In support of that contention, the government offered (1) the criminal information and abstract of judgment and (2) an unpublished state appellate court decision that summarized the facts of Espinoza’s prior offenses. According to the state appeals court opinion, Espinoza had put his victim in a headlock and, while keeping his arm around her neck, tried to kiss her, touched her breast, and rubbed his hand on and inserted his finger inside her vagina.
*1144 The district court agreed with the government that Espinoza’s prior convictions warranted the 16-level enhancement, concluding that they qualified as crimes of violence “whether you look at [them] under [the] categorical or modified categorical approach.”[1] Applying a base offense level of 8, a 3-point reduction for acceptance of responsibility, and the 16-level crime of violence enhancement, the district court calculated an advisory Guidelines sentencing range of 57 to 71 months and sentenced Espinoza within the Guidelines range to 57 months’ imprisonment and three years of supervised release.
Espinoza timely appealed. On appeal, Espinoza contends that his prior state convictions do not constitute crimes of violence under either the categorical or modified categorical approach and that his sentence violates his Fifth and Sixth Amendment rights because it was based on judicial factfinding that he had previously been convicted of a crime of violence.[2]
II. STANDARD OF REVIEW
We review de novo whether a prior conviction constitutes a crime of violence under U.S.S.G. § 2L1.2. United States v. Rodriguez-Rodriguez, 393 F.3d 849, 856 (9th Cir.2005).
III. DISCUSSION
To determine whether Espinoza’s prior convictions qualify as “crimes of violence” under U.S.S.G. § 2L1.2,[3] we apply the approach set forth in Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). See Grajeda, 581 F.3d at 1189. Under that approach, we first consider whether a prior offense “is categorically a crime of violence by assessing whether the full range of conduct covered by the statute falls within the meaning of that term.” Id. (internal quotation marks, alteration, and citation omitted). If the statute of conviction is overbroad — that is, if it punishes some conduct that qualifies as a crime of violence and some conduct that does not — it does not categorically constitute a crime of violence. See id. In that case, we must then apply the “modified categorical approach” to determine whether the record of conviction shows that the defendant “was convicted of the elements of the generically defined crime.” Id. (quoting United States v. Vidal, 504 F.3d 1072, 1077 (9th Cir.2007) (en banc)).

*1145
A. Categorical Approach

On appeal, the government concedes that Espinoza’s convictions under California Penal Code sections 243.4(a) and 289(a)(1) do not qualify as crimes of violence under the categorical approach. Although we need not accept this concession on a matter of law, see United States v. Miller, 822 F.2d 828, 832 (9th Cir.1987), we agree that these crimes do not categorically constitute crimes of violence.
An offense qualifies as a “crime of violence” under § 2L1.2(b) (1) (A) (ii) if it either (1) “ ‘has as an element the use, attempted use, or threatened use of physical force against the person of another’ under the definition’s ... ‘element’ prong” or (2) “constitutes one of the crimes listed in the ‘enumerated offense’ prong of the definition.” Grajeda, 581 F.3d at 1189-90 (quoting U.S.S.G. § 2L1.2, cmt. n. l(B)(iii)).[4] We address in turn whether either offense qualifies as a crime of violence under either prong of § 2L1.2’s definition, under either the categorical or modified categorical approach. In particular, in applying the enumerated offense prong of § 2L1.2’s crime of violence definition, we consider whether Espinoza’s convictions could potentially constitute “forcible sex offenses.”
1. Sexual Battery under California Penal Code section 243.4(a)
At the time of Espinoza’s conviction, section 243.4(a) punished “touching] an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, [where] the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse.” CaLPenal Code § 243.4(a) (1999). We have previously held that this statute does not categorically constitute a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A). United States v. Lopez-Montanez, 421 F.3d 926, 929 (9th Cir.2005). Although the definition of “crime of violence” in force at the time of Espinoza’s sentencing differs from that at issue in Lopez-Montanez, the government does not contest, and we do not doubt, the ongoing validity of LopezMontanez’s holding, at least as applied to this case. To explain, we briefly discuss Lopez-Montanez’s holding and its applicability here.

a. Element Prong

We recognized in Lopez-Montanez that, “although [section 243.4(a) ] requires that the victim be ‘unlawfully restrained,’ the restraint need not be physical and can be accomplished by words alone, including words that convey no threat of violence.” Id. Because a section 243.4(a) offense therefore does not require the “use, attempted use, or threatened use of physical force against the person of another,” it does not qualify as a crime of violence under the element prong of § 2L1.2’s definition. U.S.S.G. § 2L1.2 cmt. n. l(B)(iii) (emphasis added); see also United States v. Beltran-Munguia, 489 F.3d 1042, 1051 (9th Cir.2007).

*1146
b. Enumerated Offense Prong

In Lopez-Montanez, we also held that only offenses involving the use of physical force could constitute “forcible sex offenses” under the enumerated offense prong, and that sexual battery under section 243.4(a) therefore did not qualify as a “forcible sex offense.” Lopez-Montanez, 421 F.3d at 929-31. To be sure, the 2008 amendments to the § 2L1.2 definition of “crime of violence” may have abrogated this holding. At the time of Lopez-Montanez, § 2L1.2 enumerated “forcible sex offenses,” with no elaboration, on its list of crimes of violence. Id. at 929 (quoting U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii) (2002)). By the time of Espinoza’s sentencing in 2009, the Sentencing Commission had amended the definition to include a more detailed description of the “forcible sex offenses” that would constitute crimes of violence. Rather than simply listing “forcible sex offenses” as a crime of violence, the new definition lists “forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced).” U.S.S.G. § 2L1.2, cmt. n. l(B)(iii). This amendment took effect on November 1, 2008.
We need not decide here whether this amendment abrogates Lopez-Montanez’s holding, however, because it cannot affect the calculation of Espinoza’s sentence. Although a sentencing court must generally apply the Guidelines in effect at the time of sentencing, the Ex Post Facto Clause requires a court to apply instead the Guidelines in effect at the time of the current offense “if the guidelines have undergone substantive changes that would disadvantage the defendant.” United States v. Stevens, 462 F.3d 1169, 1170 (9th Cir.2006). A change that would overrule an existing precedent constitutes such a “substantive” change. See United States v. Smallwood, 35 F.3d 414, 417 n. 8 (9th Cir.1994) (citing, among others, United States v. Saucedo, 950 F.2d 1508 (10th Cir.1991)). Thus, if the 2008 amendment to § 2L1.2’s crime of violence definition abrogated Lopez-Montanez, it was substantive and therefore cannot be applied to Espinoza. In that case, the Guideline in effect at the time of his March 2008 attempted entry offense — which, like the Guideline applied in Lopez-Montanez, enumerated “forcible sex offenses,” without the elaboration, as a crime of violence, U.S.S.G. § 2L1.2, cmt. n. l(B)(iii) (2007)— would apply. Lopez-Montanez’s holding that sexual battery under section 243.4(a) does not categorically constitute a “forcible sex offense” therefore applies here, regardless of the effect of the 2008 amendment. Espinoza’s conviction under section 243.4(a) thus does not categorically constitute a crime of violence under either the element prong or the enumerated offense prong of the § 2L1.2 definition.
2. Penetration with a Foreign Object under California Penal Code section 289(a)(1)
At the time of Espinoza’s conviction, section 289(a)(1) provided:
*1147 CaLPenal Code § 289(a)(1) (1999). We address in turn whether this offense categorically qualifies as a crime of violence under the element prong or the enumerated offense prong of the § 2L1.2 definition.

a. Element Prong

We have made clear that the force required under the element prong of the § 2L1.2 crime of violence definition “must actually be violent in nature.” Grajeda, 581 F.3d at 1191 (quoting Lopez-Montanez, 421 F.3d at 929). Thus, to constitute a categorical crime of violence under the element prong, section 289(a)(1) must only punish conduct that involves the use, attempted use, or threatened use of violent physical force against another. It does not.
Rather, section 289(a)(1) applies when a defendant accomplishes a penetration proscribed by the statute by any of several enumerated means, including “by means of ... duress.”[5] Cal.Penal Code § 289(a)(1). Duress does not necessarily involve the use, attempted use, or threatened use of violent physical force. As California courts have explained, “duress” under section 289(a) “involves psychological coercion” and can arise from “a direct or implied threat of force, violence, danger, hardship or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to first, perform an act which otherwise would not have been performed, or, second, acquiesced [sic] in an act to which one otherwise would not have submitted.” People v. Senior, 3 Cal.App.4th 765, 5 Cal. Rptr.2d 14, 20 (1992) (internal quotation marks omitted). Although threatening “force, violence, or danger” might constitute a threatened use of violent physical force, threatening “hardship or retribution” does not necessarily involve any threat, use, or attempted use of violent physical force.
Indeed, the state has repeatedly applied section 289(a)(1) to defendants who penetrated their victims by means of duress in ways that involved no use or threatened use of violent physical force. In People v. Minsky, for example, a defendant was convicted under section 289(a) for posing as a lawyer and tricking women into believing that a loved one had just been arrested and was facing mandatory jail time for a hit-and-run, and then posing as the hit- and-run victim or witness and offering to drop the charges or to refuse to testify if the woman submitted to sex acts. People v. Minsky, 129 Cal.Rptr.2d 583, 584-85 (Cal.Ct.App.2003), review granted and then dismissed, 23 Cal.Rptr.3d 694, 105 P.3d 115 (2005).[6] An intermediate California appellate court affirmed this conviction, concluding that the defendant accomplished the crime by means of duress by “posting] a threat of ... retribution,” i.e. “payback or revenge.” Id. at 586-87. Similarly, in People v. Cardenas, a defendant was convicted under section 289(a) for inducing his victims to consent to sex acts *1148 by pretending to be a faith healer who could cure them. 21 Cal.App.4th 927, 26 Cal.Rptr.2d 567, 568 (1994). Again, the intermediate court affirmed the conviction, explaining that the defendant had accomplished the penetrations by means of duress, and that physical force “may, but need not[,] be present to have duress.” Id. at 573-74.
These cases conclusively establish that section 289(a)(1) sometimes punishes conduct that does not involve the “use, attempted use, or threatened use of physical force against the person of another.” Section 289(a)(1) therefore does not categorically qualify as a crime of violence under the element prong of § 2L1.2’s definition.

b. Enumerated Offense Prong

For similar reasons, we also conclude that section 289(a)(1) does not categorically qualify under the enumerated offense prong as a “forcible sex offense” as our precedents have defined that term. We have held that a “forcible sex offense” must have an element of “the use of some force outside of the act of unwanted penetration.” United States v. Bolanos-Hernandez, 492 F.3d 1140, 1144 (9th Cir.2007). Although the offense need not involve “the heightened level of force needed to qualify a crime under § 2L1.2’s” element prong, id. at 1145, the force involved must be physical, as opposed to psychological, see Lopez-Montanez, 421 F.3d at 929-30 (concluding that sexually touching a victim by “unlawfully restrain[ing]” him or her using only psychological force would not constitute a “forcible sex offense”).[7]
Section 289(a)(1) punishes conduct that does not involve any physical force “outside of the act of unwanted penetration.” In People v. Hernandez, an intermediate California court of appeal upheld a section 289(a)(1) conviction where “[n]othing in the record indicate[d] that defendant applied any force greater than that necessary to commit the sexual penetration offense.” No. E029253, 2002 WL 1734011, *2 (Cal.Ct.App. July 26, 2002).[8] The defendants in Minsky and Cardenas, described above, likewise were convicted under section 289(a) even though they did not use any physical force outside the act of unwanted penetration. See Minsky, 129 Cal.Rptr.2d at 584-85, 589; Cardenas, 26 Cal.Rptr.2d at 570, 573-74. Because section 289(a)(1) applies to conduct that does not involve any such “extra” physical force, it does not categorically constitute a “forcible sex offense” and accordingly does not categorically constitute a crime of violence under the enumerated offense prong of § 2L1.2’s definition.

B. Modified Categorical Approach

Because we conclude that neither of Espinoza’s convictions categorically qualifies as a crime of violence, we must next determine whether either of his convictions constitutes a crime of violence under the modified categorical approach.[9] *1149 The modified categorical approach “requires us to determine — if we can — whether the conduct for which the defendant was convicted fits within the federal definition” of a crime of violence. United States v. Snellenberger, 548 F.3d 699, 701 (9th Cir.2008) (en banc). As applied here, we must determine whether the conduct for which Espinoza was convicted involved the “use, attempted use, or threatened use of [violent] physical force against the person of another” (as the element prong requires) or involved “the use of some force outside of the act of unwanted penetration” (as the enumerated offense prong requires). See Grajeda, 581 F.3d at 1189—91; Bolanos-Hernandez, 492 F.3d at 1144. We can conclude that a conviction qualifies as a crime of violence under the modified categorical approach “only if the record of conviction shows the jury ‘necessarily’ found all of the generic elements,[10] or the defendant ‘necessarily’ admitted all of the generic elements in a plea.” Sandoval-Lua v. Gonzales, 499 F.3d 1121, 1131 (9th Cir.2007) (citing Taylor, 495 U.S. at 599-602, 110 S.Ct. 2143 and Shepard v. United States, 544 U.S. 13, 19-21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). Here, the government has offered a criminal information and abstract of judgment as well as a California appellate court decision affirming Espinoza’s convictions and summarizing the facts of his case. None of these documents, considered individually or collectively, establishes that the jury “necessarily” found that Espinoza used, attempted to use, or threatened to use force that would render his convictions crimes of violence.
I. Criminal Information and Abstract of Judgment
The criminal information and abstract of judgment, taken together, do not establish that Espinoza was “necessarily” convicted of using force that would render his convictions crimes of violence.
In the section 243.4(a) sexual battery count, the information charged Espinoza with “willfully and unlawfully touching] an intimate part of Jane Doe, while said person was unlawfully restrained by said defendant(s) Arvin Espinoza Morales, against the will of said person and for the purpose of sexual arousal, sexual gratification, and sexual abuse.” The abstract of judgment shows only that Espinoza was convicted by jury of this crime. Neither the information nor the abstract of judgment clarifies the type of unlawful restraint used, and neither document even mentions any use of force. The information and abstract of judgment therefore cannot establish that the jury “necessarily” convicted Espinoza of violating section 243.4(a) based on conduct involving the use of force.
In the section 289(a)(1) penetration by a foreign object count, the information charged Espinoza with accomplishing the unlawful penetration “by force, violence, duress, menace and fear of immediate and unlawful bodily injury on the victim or another.”[11] (emphasis added). Even *1150 though the state charged Espinoza in the conjunctive — -with accomplishing the penetration by means of force, violence, duress, menace and fear — this charge could have supported a conviction based on duress alone. Under California law, a jury could have convicted Espinoza if it found that he had accomplished the penetration by any one of the alleged means. See In re Bushman, 1 Cal.3d 767, 83 Cal.Rptr. 375, 463 P.2d 727, 732 (1970) (“Merely because the complaint is phrased in the conjunctive ... does not prevent a trier of fact from convicting a defendant if the evidence proves only one of the alleged acts.”), overruled in part on other grounds by People v. Lent, 15 Cal.3d 481, 124 Cal. Rptr. 905, 541 P.2d 545, 548 n. 1 (1975). The jury instructions in the state court case — which Espinoza submitted after oral argument and of which we take judicial notice[12] — confirm this. These instructions directed the jury that it “must be proved” that the “penetration was accomplished by [the use of force, violence, duress, menace or fear of immediate and unlawful bodily injury to [the alleged victim].” (brackets in original; emphasis added). These instructions thus permitted the jury to convict Espinoza if it found that he accomplished the penetration by means of duress alone. The abstract of judgment provides no additional information, but rather simply reflects that the jury convicted Espinoza of violating section 289(a)(1). The criminal information and abstract of judgment, taken together, therefore do not establish that Espinoza was necessarily convicted of using force that would render his conviction a crime of violence for purposes of § 2L1.2(b)(l)(A)(ii)’s enhancement.
2. State Appellate Court Opinion
The unpublished state appellate court opinion affirming Espinoza’s convictions and summarizing the facts underlying those convictions likewise does not establish that the jury “necessarily” convicted him of conduct that would amount to a crime of violence. Indeed, the state court opinion does not even purport to describe the facts or elements that the jury “necessarily” found. The opinion examines whether Espinoza was denied his right under the Vienna Convention to consult with consular representatives after his arrest. The facts of Espinoza’s crime were not relevant to this question, and the state court presented them only as background. The opinion nowhere states or even suggests that the jury necessarily found the facts recited to be true.[13] The state court opinion therefore clearly does not satisfy TayloPs requirement that a document must reflect what “the jury necessarily had to find” in order to establish that an offense constituted a crime of violence under the modified categorical approach. Because the state court opinion does not satisfy this requirement, we need not consider whether such an opinion, if it did *1151 show what the jury necessarily found, would be sufficiently reliable for a court to consider when applying the modified categorical approach. See United States v. Strickland, 601 F.3d 963, 968 (9th Cir.2010) (en banc); Snellenberger, 548 F.3d at 701-02.
The dissent suggests that Taylor permits us to look to the facts underlying a conviction so long as we do not “put the Defendant on trial” for his earlier convictions, re-weigh the evidence, or make witness credibility determinations. Dissent at 1154. This misapprehends Taylor. To be sure, the Court in Taylor expressed concern that inquiring into the facts underlying a defendant’s prior conviction could result in such re-trials and accordingly would pose “practical difficulties and potential unfairness.” See Taylor, 495 U.S. at 601, 110 S.Ct. 2143. In particular, the Taylor Court noted that a court often would have to look to “the Government’s actual proof at trial” to determine the defendant’s actual conduct in the prior case. Id. This would lead to many tricky questions, as the Court explained: Id. Contrary to the dissent’s suggestion, the Court did not avoid these “daunting” problems by simply barring mini-trials at which evidence would be re-weighed: and witnesses’s credibility re-evaluated. Id. Rather, to avoid these types of problems, the Court expressly held that a trial court applying the modified categorical approach must generally “look only to the fact of conviction and the statutory definition of the prior offense.” Id. at 602, 110 S.Ct. 2143.
Would the Government be permitted to introduce the trial transcript before the sentencing court, or if no transcript is available, present the testimony of witnesses? Could the defense present witnesses of its own and argue that the jury might have returned a guilty verdict on some theory that did not require a finding that the defendant committed [the generic crime[14]]? If the sentencing court were to conclude, from its own review of the record, that the defendant actually committed [the generic crime], could the defendant challenge this conclusion as abridging his right to a jury trial?
The Court did, however, allow for a very limited inquiry into the underlying facts. Specifically, the Court authorized trial courts to look “beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of [the generic crime].” Id. For example, a court could conclude that a conviction was for the generic crime where “the indictment or information and jury instructions show that the defendant was charged only with[the generic crime], and that the jury necessarily had to find [the generic element] to convict.” Id. In other words, a conviction would qualify as a conviction for the generic crime under the modified categorical approach only if the court could ascertain, without looking to the underlying facts, that the jury necessarily found that the defendant engaged in conduct amounting to the generic crime.
Because a jury cannot convict a defendant of conduct not charged in the indictment or information, we know that a jury “necessarily” convicted a defendant of the generic crime where the indictment or information charges only the generic crime. Similarly, where the jury instructions require the jury to find the elements of the generic crime, we know that the jury “nec *1152 essarily” convicted the defendant of those elements. Here, by contrast, where we do not have such limiting charging papers and where the jury instructions do not narrow the charge to the generic crime, we cannot know what the jury necessarily convicted the defendant of, and we cannot know the conduct in which the defendant engaged without looking to the underlying facts. Taylor precludes us from doing so. See id. at 602, 110 S.Ct. 2143. Indeed, the Court in Shepard rejected the suggestion that courts should be permitted to look at a transcript of a jury trial to conclude that the defendant was convicted of the conduct shown by the evidence presented at trial. Id. at 22, 125 S.Ct. 1254. If we may not look to a jury trial transcript, we certainly may not look to a state court’s description of the facts of a crime, which simply summarizes the testimony and evidence reflected in that transcript.
Because neither the state court opinion nor the criminal information and abstract of judgment establish that the jury necessarily convicted Espinoza of using force, the government has not met its burden to establish that either of Espinoza’s convictions qualify as a crime of violence under the modified categorical approach. The district court accordingly erred in applying the 16-level crime of violence enhancement under U.S.S.G. § 2L1.2(b)(l)(A)(ii) in calculating Espinoza’s advisory Guidelines range.

C. Scope of Remand

The parties dispute whether we should allow the district court to consider new evidence on remand. As a general rule, when the district court errs in sentencing, we should vacate and “remand for re-sentencing on an open record — that is, without limitation on the evidence that the district court may consider.” United States v. Matthews, 278 F.3d 880, 885 (9th Cir.2002) (en banc). We may depart from this general rule, however, when “additional evidence would not[change] the outcome” or when “there was a failure of proof after a full inquiry into the factual question at issue.” Id. at 886. This case falls within the second exception: the government submitted evidence to establish that Espinoza’s convictions constituted crimes of violence under the modified categorical approach, but it failed to submit evidence sufficient to meet its burden. In light of this failure, we decline to give the government a second bite at the apple. Further, because the universe of documents that the sentencing court may consider is limited, and because the government has not identified — at oral argument or in its post-argument response to Espinoza’s motion for judicial notice of the jury instructions — any additional materials it might be able to offer at re-sentencing, we remand for re-sentencing on the existing record.
IV. CONCLUSION
Neither of Espinoza’s convictions categorically qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(l)(A)(ii). Moreover, because nothing in the record of conviction shows that the jury necessarily convicted Espinoza of conduct involving force, his convictions do not qualify as crimes of violence under the modified categorical approach. We accordingly vacate Espinoza’s sentence and remand for re-sentencing on the existing record.
VACATED AND REMANDED.

. The district court did not actually specify whether it found that both convictions, or only one, qualified as crimes of violence. Because the district court was unclear, and because the government had sought the enhancement on the basis of both convictions, we assume that the district court found that both convictions qualified as crimes of violence and accordingly analyze both statutes.

. As Espinoza acknowledges, his constitutional argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and our consistent adherence to that Supreme Court precedent, see, e.g., United States v. Grisel, 488 F.3d 844, 846 (9th Cir.2007) (en banc); United States v. Grajeda, 581 F.3d 1186, 1197 (9th Cir.2009). We accordingly reject his constitutional argument without further analysis.

.The district court applied the 2008 edition of the United States Sentencing Guidelines Manual in calculating Espinoza's advisory Guidelines range, and all references are to that edition unless otherwise indicated. Like the current version, the 2008 version of § 2L1.2(b)(l)(A)(ii) instructs the court to increase a defendant’s base offense level by 16 levels "[i]f the defendant previously was deported, or unlawfully remained in the United States, after ... a conviction for a felony that is ... a crime of violence.” U.S.S.G. § 2L1.2(b)( 1)(A)(ii).

. Application note l(B)(iii) to U.S.S.G. § 2L1.2 provides in full:
“Crime of violence” means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

. Because we conclude that accomplishing a penetration by means of duress does not necessarily involve the use, attempted use, or threatened use of force under the element prong, we need not address Espinoza’s argument that accomplishing a penetration "by means of ... fear of immediate and unlawful bodily injury” likewise does not involve such a use of force.

. Although we ordinarily should not cite opinions for which the California Supreme Court granted review, see Cal. R. Ct. 8.1105(e)(1), we can appropriately rely on this case to show that the state has actually applied section 289(a)(1) to conduct that does not involve the use, attempted use, or threatened use of violent physical force. See Vizcarra-Ayala v. Mukasey, 514 F.3d 870, 876 n. 3 (9th Cir.2008).

. Again, we acknowledge that the 2008 amendment to the Sentencing Guidelines Manual may well have abrogated our holding in Lopez-Montanez. As we explained above in section III.A.l.b, however, any effect that the 2008 amendment has on our precedent cannot apply to Espinoza's sentence because he committed his crime before the amendment took effect.

. Although we ordinarily should not cite unpublished opinions, we can appropriately rely on this case to show that the state has actually applied section 289(a)(1) to conduct that falls outside of our definition of "forcible sex offenses.” See Vizcarra-Ayala, 514 F.3d at 876 n. 3.

.Contrary to the government's contention, Espinoza argued before the district court that his prior convictions do not qualify as crimes of violence under the modified categorical approach. We therefore review de novo — not for plain error, as the government urges — the *1149 district court's conclusion that Espinoza's convictions constituted crimes of violence under the modified categorical approach. Rodriguez-Rodriguez, 393 F.3d at 856.

. By "generic elements,” we mean those elements that would qualify the crime as a crime of violence. Thus, for example, if the conviction record established that Espinoza was necessarily convicted of accomplishing the unlawful penetration by means of force, as opposed to by means of duress, we could conclude that he had been convicted of a crime of violence as defined by § 2L1.2.

. That count of the information reads in full:
On or about June 18, 1999, in the above named judicial district, the crime of ANAL & GENITAL PENETRATION BY FOREIGN *1150 OBJECT, FORCE & VIOLENCE, in violation of PENAL CODE SECTION 289(a)(1), a felony, was committed by Arvin Espinoza Morales, who did unlawfully cause the penetration of the genital and anal openings of another and cause another person to penetrate the defendant’s and another person's genital and anal openings for the purpose of sexual arousal, gratification, and abuse by a foreign object, substance, instrument and device and by an unknown object accomplished by force, violence, duress, men-
*1146 Every person who causes the penetration, however slight, of the genital or anal openings of any person or causes another person to so penetrate the defendant’s or another person’s genital or anal openings for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object when the act is accomplished against the victim’s will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person shall be punished by *1147 imprisonment in the state prison for three, six, or eight years. *1150 ace and fear of immediate and unlawful bodily injury on the victim or another.

. On June 18, 2010, Espinoza-Morales filed an unopposed motion requesting that we take judicial notice of the jury instructions from his state trial. We grant the motion,

. Without explanation or citation, the dissent conclusorily states that this state court opinion does in fact recite the "necessary findings of the jury.” Dissent at 1154. This contention is wholly unsupported.

. "Generic crime” refers to the crime identified as a crime of violence in the statute or Guideline.