**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>HUGO CORTEZ-AVILA,<br><br>    Defendant - Appellant. | No. 10-10284<br><br>D.C. No. 4:09-cr-02371-JMR-BPV<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief Judge, Presiding

Argued and Submitted April 15, 2011
Pasadena, California

Before: REINHARDT and GOULD, Circuit Judges, and TIMLIN, Senior District
Judge.**

    Defendant-Appellant Hugo Cortez-Avila appeals the sentence imposed after

he pleaded guilty to illegally re-entering the United States following deportation, in

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Robert J. Timlin, Senior Judge, United States District
Court for the Central District of California, sitting by designation.

violation of 8 U.S.C. § 1326. In particular, Cortez-Avila argues that the district court improperly imposed a 16-level sentence enhancement based on his prior conviction for sexual battery under California Penal Code § 243.4(a). We disagree and affirm the judgment of the district court.

We review de novo whether a prior conviction constitutes a "crime of violence" for purposes of U.S.S.G. § 2L1.2. United States v. Espinoza-Morales, 621 F.3d 1141, 1144 (9th Cir. 2010).

Section 2L1.2(b)(1)(A) of the Sentencing Guidelines instructs a district court to impose a 16-level increase in a defendant's offense level where he was convicted previously of a felony that is a "crime of violence." See United States v. Melchor-Meceno, 620 F.3d 1180, 1183 (9th Cir. 2010). Where a prior conviction does not qualify categorically as a crime of violence,[1] we turn to the "modified categorical approach" to determine whether there is sufficient evidence in the record to conclude that the defendant was necessarily convicted of the elements of the generically defined crime. Id. As applied here, the modified categorical

_____

[1] The Government argues for the first time on appeal that a 2008 amendment to the Sentencing Guidelines effectively abrogated our previous holdings that some physical force must exist for a sex offense to qualify as a crime of violence and, as a result, that a § 243.4(a) conviction qualifies categorically as a crime of violence. Because we conclude that the record establishes sufficient physical force to qualify Cortez-Avila's prior conviction as a crime of violence under existing case law using the modified categorical approach, we decline to address the impact of the 2008 amendment.

approach requires a determination of whether the record unequivocally establishes that the conduct for which Cortez-Avila was previously convicted involved at least some level of physical force beyond that inherent in the unlawful sexual contact. See United States v. Bolanos-Hernandez, 492 F.3d 1140, 1146 (9th Cir. 2007); see also Espinoza-Morales, 621 F.3d at 1149.

Applying the modified categorical approach, the district court found that police reports from the sexual battery conviction included sufficient physical force to qualify as a crime of violence. Cortez-Avila argues that the district court improperly relied on the police reports and, in any event, that the police reports are insufficient to establish that he committed a crime of violence.

We reject Cortez-Avila's contention that the district court erred in relying on the police reports. The district court properly relied on the police reports because Cortez-Avila's counsel stipulated in the sexual battery case that the police reports contain the factual basis for his guilty plea. See United States v. Almazan-Becerra, 537 F.3d 1094, 1098 (9th Cir. 2008); see also United States v. Hernandez-Hernandez, 431 F.3d 1212, 1219 (9th Cir. 2005) (criminal defendants are bound by their counsel's stipulations).

We also reject Cortez-Avila's contention that the police reports do not establish sufficient physical force to constitute a crime of violence. First, we reject

3

Cortez-Avila's contention that the district court should have relied on his account of the incident provided in the police reports as opposed to facts provided by the victim. Cortez-Avila's statements to the police could not have been the facts stipulated to as providing the basis for his conviction because they lacked facts establishing, inter alia, unlawful restraint. See People v. Pahl, 277 Cal. Rptr. 656, 663 (Cal. Ct. App. 1991) ("[T]he unlawful restraint required for violation of section 243.4 is something more than the exertion of physical effort required to commit the prohibited sexual act."); see also California Penal Code § 243.4(a) (outlawing sexual touching accompanied by, inter alia, unlawful restraint). As the facts provided by Cortez-Avila could not have formed the basis of his conviction, those facts were not the subject of Cortez-Avila's stipulation and the district court properly disregarded them.

Second, we reject Cortez-Avila's contention that the facts provided in the police reports by the victim do not establish sufficient physical force. The victim's statements in the police report establish at a minimum that, (1) when she first attempted to leave the bedroom, Cortez-Avila stopped her by placing his hands on her breast and, (2) when she again attempted to leave, Cortez-Avila put his hand, palm up, on her crotch and attempted to digitally penetrate her. These facts provide a basis for Cortez-Avila's sexual battery conviction, making them subject

4

to Cortez-Avila's stipulation. They also establish sufficient physical force such that the conviction constitutes a crime of violence under our existing case law. See Bolanos-Hernandez, 492 F.3d at 1146; Espinoza-Morales, 621 F.3d at 1148.

As Cortez-Avila's prior conviction constitutes a crime of violence under the modified categorical approach, the district court properly applied the 16-level enhancement.

**AFFIRMED.**