**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10080 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01637-JMR |
| v. | |
| JOSE ANGEL PERDOMO-CASTRO, a.k.a. Jose Angel Perdomo Castro, a.k.a. Jose Angel Peredomo-Castro, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Jose Angel Perdomo-Castro appeals from the 48-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of

8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Perdomo-Castro contends that the district court erred by imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his 2005 Texas felony sexual assault conviction. The district court did not err in imposing the enhancement, as the indictment and Perdomo-Castro's judicial confession in the Texas case clearly show that the conviction was for a sex offense perpetrated without the victim's consent through "the use of physical force and violence." *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (forcible sex offense is a crime of violence); *United States v. Espinoza-Morales*, 621 F.3d 1141, 1149 (9th Cir. 2010) (prior conviction qualifies as a crime of violence if the "record of conviction shows the . . . defendant necessarily admitted all of the generic elements in a plea") (internal quotations and footnote omitted).

Perdomo-Castro also contends that the enhancement violates the constitutional proscription against ex post facto laws. He forfeited this argument by failing to raise it in his opening brief, and no exceptions to this rule apply. *See Koerner v. Grigas*, 328 F.3d 1039, 1048-49 (9th Cir. 2003).

**AFFIRMED.**