NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCISCO OSUNA ARMENTA,

Defendant-Appellant.

No. 10-30343

Dist. Ct. No. 10-CR-00041-JLQ

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Argued and Submitted August 1, 2011
Seattle, Washington

Before:    NOONAN and M. SMITH, Circuit Judges, and FOGEL, District
Judge[**]

Defendant-Appellant Francisco Osuna Armenta ("Armenta") appeals the

sentence imposed by a district court following his plea of guilty to one count of

illegal reentry of an alien in violation of 8 U.S.C. § 1326.  He challenges the

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jeremy Fogel, United States District Judge for the
Northern District of California, sitting by designation.

court's imposition of a sixteen level enhancement based upon its characterization of his prior state law conviction of unlawful imprisonment under Revised Code of Washington ("RCW") § 9A.40.040 as a "crime of violence" within the meaning of United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii). "We review *de novo* whether a prior conviction constitutes a crime of violence under U.S.S.G. § 2L1.2." *United States v. Espinoza-Morales*, 621 F.3d 1141, 1144 (9th Cir. 2010).

Armenta argues that the district court erred in applying the modified categorical approach because RCW § 9A.40.040 lacks an element of the Guidelines crime of violence. He acknowledges that this argument is foreclosed by our recent decision in *United States v. Aguila-Montes De Oca*, --- F.3d ----, No. 05-50170, 2011 WL 3506442 (9th Cir. Aug. 11, 2011), in which we held that the modified categorical approach applies in both "broad element" and "missing element" cases, but he contends alternatively that *Aguila-Montes De Oca* was decided incorrectly or that it is not inconsistent with his position on appeal. We disagree.

"Under the modified categorical approach, we determine, in light of the facts in the judicially noticeable documents, (1) what facts the conviction necessarily rested on (that is, what facts the trier of fact was actually required to find); and (2)

whether these facts satisfy the elements of the generic offense." *Aguila-Montes De Oca*, 2011 WL 3506442, at *21. "An offense qualifies as a 'crime of violence' under U.S.S.G. § 2L1.2(b)(1)(A)(ii) if it either (1) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . or (2) constitutes one of the crimes listed in the enumerated offense prong of the definition." *Espinoza-Morales*, 621 F.3d at 1145 (internal quotation marks and citation omitted). RCW § 9A.40.040 does not constitute one of the enumerated crimes; thus it qualifies as a crime of violence only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See id.* (internal quotation marks and citation omitted).

Pursuant to RCW § 9A.40.040, a person is guilty of unlawful imprisonment if he or she "knowingly restrains another person." RCW § 9A.40.040(1). Under Washington law, "restraint" may be accomplished by "physical force, intimidation, or deception." RCW § 9A.40.010(1)(a).[1] In connection with his plea of guilty to the unlawful imprisonment charge, Armenta agreed expressly that the sentencing court could review the police reports and statement of probable cause to establish the factual basis for his plea; accordingly, we may consider those documents in applying the modified categorical approach. *See United States v. Almazan-*

---

[1] Restraint may be accomplished by additional means, not relevant here, when the victim is a minor or incompetent. RCW § 9A.40.010(1)(b).

*Becerra*, 537 F.3d 1094, 1100 (9th Cir. 2008) (district court's consideration of police reports contained in the state court file was proper because defendant had stipulated that the reports formed the factual basis of his guilty plea) ; *United States v. Espinoza-Cano*, 456 F.3d 1126, 1131-32 (9th Cir. 2006) (same). The police reports disclose that Armenta's wife left him after a history of domestic violence; that Armenta accosted her in a parking lot, threatened her, grabbed her sleeve, and pulled her into a van; and that while they were inside the van Armenta continued threatening to beat her and telling her that she had to stay with him.

Armenta argues that it is unclear from this record whether his conviction of unlawful imprisonment rested upon his use of physical force in pulling the victim into the van or upon his verbal intimidation of her. His argument assumes that if the conviction rested solely upon intimidation, it would not satisfy the Guideline elements of a crime of violence. This assumption is unwarranted, given that an offense qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) if it has as an element "the use, attempted use, *or threatened use* of physical force against the person of another." *See Espinoza-Morales*, 621 F.3d at 1145 (emphasis added). The record establishes plainly that Armenta intimidated his estranged wife by threatening to beat her. Thus even if his actual use of physical force were ignored, his threatened use of physical force would be sufficient to qualify the

4

conviction as involving a crime of violence.  Moreover, the government argues persuasively that absent Armenta's initial use of force to pull her into the van, the victim would not have been imprisoned at all.  We agree that under these circumstances Armenta's conviction necessarily rested on facts satisfying the element of physical force.

**AFFIRMED.**