**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAGIN TAPIA-CRUZ, | No. 10-73041 |
| Petitioner, | Agency No. A092-431-879 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2012
Re-submitted December 26, 2012[**]
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Magin Tapia-Cruz,[1] a native and citizen of Mexico and a lawful permanent resident ("LPR") of the United States since 1990, petitions for review of a decision by the Board of Immigration Appeals ("BIA") finding him removable and ineligible for cancellation of removal. We grant the petition in part, deny it in part, and remand to the BIA for further proceedings consistent with this disposition.

Tapia-Cruz was convicted in 2000 in state court of identity theft in violation of California Penal Code ("Penal Code") section 529.3.[2] In 2009, he pleaded nolo contendere to and was convicted of violating Penal Code section 12021(a)(1).[3] In 2010, the Department of Homeland Security served Tapia-Cruz with a Notice to Appear, charging him as removable for having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) and a firearms offense under § 1227(a)(2)(C).

---

[1] Petitioner stated during his removal proceedings that his real name is "Magin Cruz-Tapia." However, all the documents and briefs in this case refer to him as "Magin Tapia-Cruz." We use "Tapia-Cruz" for consistency with the record and briefs.

[2] Former Penal Code section 529.3 was amended in 2011 and renumbered as section 529(a)(3) without any substantive change.

[3] This section of the Penal Code was repealed in 2010 and continued without substantive change in section 29800. *See* Cal. Pen. Code §§ 12021, 29800. Effective January 1, 2012, the Penal Code statute under which Tapia-Cruz was convicted in 2009 has been renumbered as section 29800(a)(1). We refer to the statute as "section 12021(a)(1)" for consistency with the record and briefs.

The BIA erred when it concluded that Tapia-Cruz was convicted of an aggravated felony. Applying the modified categorical approach, the facts on which Tapia-Cruz's Penal Code section 12021(a)(1) conviction necessarily rest do not satisfy both elements of the generic federal aggravated felony offense contained in 18 U.S.C. § 922(g)(1).[4] The elements of the federal offense are 1) conviction in any court of a crime punishable by imprisonment for a term exceeding one year; and 2) shipping, transporting, possessing, or receiving any firearm or ammunition. The judicially noticeable documents in the record[5] establish the following facts on which Tapia-Cruz's section 12021(a)(1) conviction necessarily rested: (1) Tapia-Cruz was convicted of a felony in 2000 for violating Penal Code section 529.3; and (2) in 2009 Tapia-Cruz owned, possessed, purchased, received, *or* had custody *or*

---

[4] We previously held that Penal Code section 12021(a)(1) is not categorically an aggravated felony when compared to 18 U.S.C. § 922(g)(1) because "the full range of conduct encompassed by section 12021(a)(1) may not constitute an aggravated felony as an offense described in 18 U.S.C. § 922(g)(1)," and that therefore the modified categorical approach applies. *United States v. Castillo-Rivera*, 244 F.3d 1020, 1022 (9th Cir. 2001).

[5] The judicially noticeable documents available in the administrative record are: (1) the state court abstract of judgment; (2) the felony complaint; (3) the superior court's electronic docket; and (4) the superior court's sentencing memorandum. *See Shepard v. United States*, 544 U.S. 13, 25-26 (2005); *United States v. Espinoza-Morales*, 621 F.3d 1141, 1149 (9th Cir. 2010); *United States v. Snellenberger*, 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc), *overruled on other grounds by Young v. Holder*, 697 F.3d 976, 979 (9th Cir. 2012) (en banc).

control over a handgun. *See Young v. Holder*, 697 F.3d 976, 986 (9th Cir. 2012) (en banc) (holding that a guilty or nolo contendere plea to a conjuctively-phrased charge parroting a disjunctively-phrased statute does not admit guilt as to every charged theory, but only as to at least one of those theories); *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 940 (9th Cir. 2011) (en banc).

Because a conviction under Penal Code section 529.3 is punishable by imprisonment for a term exceeding one year, *see* Cal. Pen. Code §§ 18, 529(b), the facts upon which Tapia-Cruz's section 12021(a)(1) conviction necessarily rested satisfy the first element of 18 U.S.C. § 922(g)(1). *Aguila-Montes de Oca*, 655 F.3d at 940. However, those same facts are inconclusive as to whether Tapia-Cruz was convicted of owning, possessing, purchasing, receiving, or having custody or control over a firearm, and therefore do not satisfy the second element of section 922(g)(1). *See Young*, 697 F.3d at 986-87. Tapia-Cruz therefore was not convicted of an aggravated felony.

The BIA did not err, however, when it concluded that Tapia-Cruz was convicted of a firearms offense. A violation of Penal Code section 12021(a)(1) is categorically a federal firearms offense under 8 U.S.C. § 1227(a)(2)(C), rendering Tapia-Cruz removable. *See Gil v. Holder*, 651 F.3d 1000, 1004 (9th Cir. 2011).

Although Tapia-Cruz is removable because he was convicted of a firearms offense, he is potentially eligible for cancellation of removal. The BIA concluded that Tapia-Cruz was "statutorily ineligible" for cancellation of removal under 8 U.S.C. § 1229b(a)(3), which renders ineligible all LPRs who have been "convicted of any aggravated felony." Because we conclude that Tapia-Cruz was not convicted of an aggravated felony, we remand this case to the BIA so that it may consider Tapia-Cruz's eligibility for cancellation of removal in light of this memorandum and our recent en banc decisions in *Young v. Holder* and *United States v. Aguila-Montes de Oca*. Each party shall bear its own costs.

**GRANTED in part, DENIED in part, and REMANDED.**