**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10264 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 2:10-cr-00660-DGC-2 |
| GEORGE CALVIN WINDLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted December 10, 2014
San Francisco, California

Before: FISHER and PAEZ, Circuit Judges, and QUIST, Senior District
Judge.[**]

George Calvin Windley appeals his conviction and 180-month sentence

following a guilty plea to conspiracy to engage in sex trafficking, in violation of 18

U.S.C. §§ 1594(c), pursuant to a written plea agreement. We affirm the

conviction, vacate the sentence and remand for resentencing on an open record.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior District Judge for the United
States District Court for the Western District of Michigan, sitting by designation.

1.     Windley argues that his plea was not knowing and voluntary because the district court misadvised him about the terms of his plea agreement and his entitlement to three points for acceptance of responsibility under U.S.S.G. § 3E1.1. Because Windley failed to challenge the validity of his plea in the district court, we review for plain error. *See United States v. Sanders*, 41 F.3d 480, 487 (9th Cir. 1994). Windley has failed to show that the district court's error affected his substantial rights. The district court awarded Windley two of the possible three points. Windley's counsel acknowledged at sentencing that any argument about Windley's entitlement to the third point was "really somewhat of an academic exercise" because the plea agreement called for a sentence of 8 to 15 years. Moreover, Windley has failed to show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The district court informed Windley at sentencing that, because the government did not move for the third point, "the most I can do in this case if I believe the defendant has accepted responsibility is a two-level adjustment." Windley's counsel acknowledged that "the one point for acceptance the government would have to move for."

2.     The parties agree that the district court's imposition of a lifetime term of supervised release contravened the plea agreement and exceeded the statutory maximum, resulting in an illegal sentence. There is no indication in the record that

the district court intended to reject the plea agreement. *See* Fed. R. Crim. P. 11(c)(5). Therefore, we vacate Windley's sentence and remand for resentencing on an open record. *See United States v. Espinoza-Morales*, 621 F.3d 1141, 1152 (9th Cir. 2010); *United States v. Matthews*, 278 F.3d 880, 885–86, 889 (9th Cir. 2002) (en banc). The government has represented that, upon remand, it will move for the extra point for acceptance of responsibility. On remand, the district court may fully accept the plea agreement and abide by its terms or reject it and give Windley an opportunity to withdraw his plea.

Conviction **AFFIRMED**; sentence **VACATED**; and **REMANDED** for resentencing.